IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Sammy Kay Cowan,                                          )
                                                         )
                    Petitioner,                          )
                                                         )        C/A No.: 6:18-cv-02827-TLW
          v.                                             )
                                                         )
Michael Stephan, Warden,                                 )
Broad River Correctional Institution,                    )
                                                         )
                    Respondent.                          )
_____                 )

## ORDER

Petitioner Sammy Kay Cowan, an inmate with the South Carolina Department

of Corrections, filed this petition seeking a writ of habeas corpus pursuant to

28 U.S.C. § 2254. ECF No. 1. Respondent filed a motion for summary judgment, ECF

No. 11, which Petitioner opposed, ECF No. 16. This matter now comes before the

Court for review of the Report and Recommendation (Report) filed by United States

Magistrate Judge Kevin F. McDonald, to whom this case was previously assigned

pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c), (D.S.C.). ECF

No. 19. In the Report, the Magistrate Judge recommends granting the Respondent's

motion for summary judgment. *Id.* Petitioner filed objections to the Report, ECF No.

20, to which Respondent replied, ECF No. 22. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the

Magistrate Judge's Report and Recommendation to which a specific objection is

registered, and may accept, reject, or modify, in whole or in part, the

1

recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report and Plaintiff's objections thereto and concludes that the Magistrate Judge accurately summarizes the case and applicable law. The Court accepts the analysis of the Magistrate Judge and finds that no relief is warranted.

In Ground Three, Petitioner claims his trial counsel was ineffective for failing to object to improper hearsay in the testimony of Detective Steven Reeves. This Court notes that the PCR court found that trial counsel provided "sound trial strategy" in deciding not to object by reasoning that objecting risked focusing the jury's attention on the testimony that the Petitioner was the only person armed at the scene of the crime. This Court also notes that to the degree Detective Reeves' testimony was offered for the limited purpose of explaining why a government investigation was

undertaken, this testimony would not be hearsay under *State v. Brown*, 451 S.E.2d 888 (S.C. 1994). Finally, this Court notes, while not directly applicable to determining whether Detective Reeves' testimony was hearsay, that Kinshaba Simmons, the alleged hearsay declarant, did testify at trial and was subject to cross-examination.

The Magistrate Judge notes that the review of ineffective assistance of counsel claims in federal habeas requires deference to counsel and deference to the State court that previously reviewed counsel's actions. (See *Harrington v. Richter*, 562 U.S. 86, 104 (2011) stating, "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal citations omitted)). This Court accepts the analysis by the Magistrate Judge and finds that no relief is warranted.

After careful consideration, **IT IS ORDERED** that the Report, ECF No. 19, is **ACCEPTED**, and the Petitioner's Objections, ECF No. 20, are **OVERRULED**. Respondent's motion for summary judgment, ECF No. 11, is **GRANTED** and the Petition, ECF No. 1, is hereby **DISMISSED**.

The Court has reviewed this Petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
Senior United States District Judge

September 30, 2019
Columbia, South Carolina